UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONNIE MEEKS                                          CIVIL ACTION

VERSUS                                                No.: 19-13238

JAZZ CASINO CO., LLC                                  SECTION: "J" (1)

## **ORDER & REASONS**

Before the Court is a *Motion to Remand* **(Rec. Doc. 6)** filed by Plaintiff, Ronnie Meeks ("Plaintiff"), and an opposition thereto (Rec. Doc. 8) filed by Defendant, Jazz Casino Co., LLC ("Jazz"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## **FACTS AND PROCEDURAL BACKGROUND**

The present litigation arises out of an alleged injury sustained by Plaintiff on December 22, 2017 after falling in the bathroom of Harrah's Casino. (Rec. Doc. 1-1). Plaintiff filed suit against Jazz, which does business as Harrah's, on December 22, 2018 in Orleans Parish Civil District Court. As regards damages, Plaintiff's initial complaint stated only that he sustained "serious injuries as a result of the fall." (Rec. Doc. 1-1 at 2).

On October 23, 2019, Jazz removed this case from Orleans Parish Civil District Court on the basis of diversity jurisdiction. (Rec. Doc. 1-2). On November 22, 2019, Plaintiff filed the present motion to remand on the basis that Jazz's removal is

untimely. Specifically, Plaintiff contends Jazz knew on May 31, 2019 that he was seeking at least $75,000 in damages for his injuries.

## LEGAL STANDARD

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). Inherent to subject matter jurisdiction to remove a case to federal court is diversity jurisdiction. *See Manieri v. CR Eng., Inc.*, No. 19-2805, 2019 WL 2022535, at *1 (E.D. La. May 8, 2019). "To exercise diversity jurisdiction, the complete diversity must exist between the plaintiff and all of the properly joined defendants, and the amount in controversy must exceed $75,000." *Id.* (citing 28 U.S.C. § 1332(a)(1)). The party with the burden of proof for removal and presence of federal jurisdiction is the removing party. *Manguno*, 276 F.3d at 723 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)).

In accordance with 28 U.S.C. § 1446 (b), a notice of removal must be filed within thirty (30) days of receipt of the initial pleading setting forth the claim seeking to be removed. If the case stated in the initial pleading is not removal, then "a notice of removal must be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removeable." 28 U.S.C. § 1446(b)(3).

## DISCUSSION

Plaintiff does not attempt to argue that his initial complaint was removable on its face or that the case is not removable at all. Instead, Plaintiff's only argument is that on May 31, 2019 Jazz received copies of Plaintiff's medical records sufficient to put Jazz on notice that the amount-in-controversy exceeded $75,000, thereby beginning the 30-day removal clock.

It is undisputed that medical records constitute "other papers" for the purposes of determining whether an amount-in-controversy exceeds $75,000. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211-12 (5th Cir. 2002). Rather, the only actual dispute between the parties is at what point during discovery Jazz received medical records sufficient to "ascertain that the case has become removeable." 28 U.S.C. § 1446(b)(3). Whereas Plaintiff argues that the medical records Jazz received on May 31, 2019 were sufficient, Jazz asserts that it only received sufficient medical records to support removability on October 7, 2019, in which case Jazz's October 23, 2019 notice of removal was timely. The Court finds that Jazz's position is correct, and its notice of removal was timely.

In order for receipt of other paper to begin the running of the 30-day removal clock, it must be "unequivocally clear and certain" that the amount-in-controversy exceeds $75,000.[1] *See Bosky*, 288 F.3d at 211. Here, the medical reports received by Jazz on May 31, 2019 contained only Plaintiff's complaints of low back and neck pain, where the doctor diagnosed "lumbar disc herniation; lumbar spinal stenosis; lumbar

---

[1] That is if the amount in controversy is the missing piece of information to make the case removable.

3

radiculopathy; annular tear of lumbar disc; lumbar facet arthropathy; cervicalgia; and cervical radiculopathy. . .[thereafter] recommend[ing] a lumbar epidural steroid injection." (Rec. Doc. 8 at p. 2) At this time, surgery was not recommended and the combined medical bills only equaled $12,700. (Rec. Doc. 8 at p. 4). The Court finds this is insufficient to rise to the level of "unequivocally clear and certain" evidence that Plaintiff was claiming damages equal to or above $75,000.[2]

The Court's conclusion is buttressed by the relevant case law. In a case involving an almost identical posture, another section of this Court found that defendant's receipt of medical records consisting of "lower back pain, radiating neck pain with numbness and tingling, failed conservative treatment, referral for pain management, and referral for a shoulder MRI," combined medical bills of $11,328.30, and no surgical recommendation was insufficient to begin the running of the 30-day removal clock. *Profit v. IAT Insurance Group*, No. 18-10897, 2019 WL 1349846, at *2 (E.D. La. Mar. 26, 2019).[3]

## **CONCLUSION**

Accordingly,

---

[2] The Court finds it unnecessary to discuss the sufficiency of the medical records received by Jazz on October 7, 2019 (Rec. Doc. 8 at p.4). Plaintiff's very argument in his present motion confirms that he is seeking over $75,000.
[3] *See generally Chandler v. Ruston La. Hosp. Co. LLC*, No. 14-121, 2014 WL 1096365, at *5 (W.D. La. Mar. 19, 2014)(citing *Harden v. Field Memorial Community Hosp.*, 265 F. App'x 405, 408 (5th Cir. 2008)("allegations of a fractured nose, fractured jaw, lacerations to face and gums, broken dentures, and contusions to plaintiff's face and body did not prove that the amount in controversy exceeded the jurisdictional minimum"); *Ameri v. J.C. Penney Corp., Inc.*, No. 12-cv-2630, 2012 WL 5866493, at *3 (W.D. La. Nov. 19, 2012)("records reflecting chronic shoulder pain, treatment with lidocaine and steroid injections, and the possibility of surgery did not unequivocally show that the amount in controversy exceeded $75,000"); *Smith v. Wal-Mart Louisiana, LLC*, No. 13-2368, 2013 WL 4781778, at *1 (W.D. La. Sept. 5, 2013)("facts indicating that plaintiff underwent anterior cervical fusion and discectomy surgery, accrued $42,000 in medical expenses, and was unable to work did not unequivocally show that the amount in controversy exceeded $75,000")).

4

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 6)** is **DENIED**.

New Orleans, Louisiana, this 21st day of January, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE